## SERVISS *v.* THE CHATTAHOOCHEE.[1]

### (*District Court, E. D. New York.* November 30, 1888.)

#### SHIPPING—LIABILITY OF VESSEL—NEGLIGENCE OF STEVEDORE.

A stevedore, who had finished loading coal on a steam-ship from a canal-boat along-side, took the canal-boat's line to a steam-winch on the steamer to draw the canal-boat astern of the steamer. The latter's propeller was in motion, and the stevedore gave no orders to have it stopped, nor did he direct the men on the canal-boat to keep her away by poles. The propeller drew in the canal-boat, cut a hole in her, and sank her. The stevedore was an employe of the steamer. *Held,* that when the stevedore undertook to move the canal-boat up the slip, he assumed the responsibility of her navigation, at least until she was fully clear of the steamer's side, and for his negligence the steamer was liable.

In Admiralty.

Libel by Deborah A. Serviss against the steam-ship Chattahoochee, for damages in sinking libelant's canal-boat.

*Hyland & Zabriskie,* for libelant.

*Rice & Bijur,* for claimant.

BENEDICT, J. The libelant's canal-boat, having on board coal for the steamer Chattahoochee, was along-side that steamer as she lay in the slip, about to sail, and delivered coal into her tubs until she was supplied. The canal-boat lay stern out, her bow being about 100 feet forward of the steamer's stern. The stevedore of the steamer Chattahoochee, as soon as he had taken from the canal-boat all the coal required, took down his hoisting apparatus, and, notifying the master of the canal-boat that he was going to haul the boat up the slip, cast off the lines to the canal-boat, and carried the canal-boat's bow line aft to a steam-winch on the steamer's deck, aft, and there, by starting the steam-winch, put the canal-boat in motion towards the bulk-head. At the time the canal-boat was thus put in motion towards the stern of the steamer, the propeller of the steamer was revolving. When the canal-boat, under the impetus given her by the steam-winch, reached the steamer's stern, the action of the steamer's propeller drew her onto the revolving blades, by which she was cut open and sunk.

The question to be decided is whether the steamer is liable for the sinking of the canal-boat. The stevedore was an employe of the steamer, and as such it was part of his duty to move the canal-boat away from the steamer's side as soon as the steamer was supplied with coal. He undertook to haul the canal-boat up the slip by starting her towards the bulk-head, using the power of the steam-winch for that purpose. There is evidence that the boat could have passed the revolving propeller in safety if poles had been used by those on board of her to bear her from the propeller in passing. In this instance no poles were used, and in consequence the boat was sucked in by the propeller, and sunk in the manner stated. The contention on the part of the claimant is that it was the duty of the master of the canal-boat to observe that his boat was ap-

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

proaching the revolving blade and to keep her off the screw as she passed, and that the failure of the master to discharge this duty was the cause of the damage that ensued. But I incline to the opinion that when the stevedore undertook to move the canal-boat up the slip, he assumed the responsibility of her navigation, if not until she reached the bulk-head, at least until she was fully clear of the steamer's side. It was therefore, in my opinion, his duty, before starting the canal-boat, to stop the steamer's screw, or, by giving proper directions to the men on the canal-boat, insure her being kept off the propeller when she passed it. He did neither of these things, and this omission, in my opinion, rendered the steamer liable for the damages that ensued. Let a decree be entered in favor of the libelant, with an order of reference to ascertain the amount of the damage.